

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
SEP 30 2013
TIM RHODES
COURT CLERK

| | |
|---|---|
| DIONE D. WILKINSON,<br>*Plaintiff,*<br>vs.<br>BRAUM'S ICE CREAM & DAIRY,<br>*Defendant.* | Case No. CJ-2013-5416 |

# **PETITION**

COMES NOW, Plaintiff, DIONE D. WILKINSON, by and through her attorney of record, Robert J. Wagner and Jon J. Gores of the firm of WAGNER & WAGNER, P.C. and for her cause of action against Defendant, BRAUM'S ICE CREAM & DAIRY, alleges and states the following:

1. Plaintiff is a forty-seven (47) year old resident of Oklahoma County, State of Oklahoma.

2. Defendant BRAUM'S ICE CREAM & DAIRY (hereinafter "Defendant") is upon information and belief a corporation established under the laws of the State of Oklahoma with its principal place of business and service address both situated in Oklahoma County.

### CAUSES OF ACTION

3. Plaintiff was employed by Defendant for nearly thirteen (13) years beginning when she was hired in September of 2000 as a Worker at the Midwest City, Oklahoma location.

4. Through hard work and dedication Plaintiff worked her way up to the position of store manager, and the store in which she managed was regarded at the time of



EXHIBIT 2

her management as one of the "top ten" Braum's store locations in relation to sales and customer volume.

5. Plaintiff as store manager would routinely work from the time of opening until the store closed at night.

6. In 2009, Plaintiff began having personal family issues that necessitated Plaintiff's time and attention. Plaintiff brought her concerns of needing more help to District Manager, Paul Heer.

7. At this same time road construction blocked the front of the Midwest City store location which resulted in a decline in bun sales.

8. Due to the decline in bun sales and Plaintiff's request of needing help with the high demands of being a store manager, Defendant transferred Plaintiff to the Choctaw store location demoting her to Assistant Manager Day (AMD).

9. Plaintiff's first Store Manager at this location, Jason, would falsely report he was at the store working on his time sheet, when in fact he was at home.

10. Plaintiff reported the actions of the Store Manager to the District Manager, Laura Clark, who upon investigation replaced Jason with Bryan Wood as Store Manager.

11. Store Manager Bryan Wood treated Plaintiff differently than younger employees and his extensive lack of professionalism undermined Plaintiff's authority and ability to manage her day shift.

12. Plaintiff and Shift Supervisor Day, Linda Fulton were harassed for their age.

13. Plaintiff constantly received threats of the loss of her job with no reason given.

14. Plaintiff and Ms. Fulton brought their complaints of harassment and discriminatory treatment to the District Manager, Laura Clark, who terminated Mr. Wood as Store Manager.

15. Following Mr. Wood's termination Alyse Botherton became the new Store Manager of the Choctaw location.

16. Under the new Store Manager, Plaintiff was again subjected to unequal terms and conditions than younger employees and managers. Plaintiff is of the belief this treatment was in retaliation for her prior complaints.

17. Plaintiff was required to unload trucks which was not usually a job assigned to managers, and other managers were not required to do this task.

18. Plaintiff was required to have the work area completely stocked and cleaned prior to the night shift, and she would receive a write-up if this was not completed whereas the Assistant Manager Night (AMN) who had the same requirement would not receive a write-up for not having the area cleaned and stocked prior to the morning shift subjecting Plaintiff to unequal terms and working conditions than younger managers had to work under.

19. Plaintiff was required to Dye her hair so that it would appear to look younger, and she was required to buy and wear expensive makeup due to her having sensitive skin.

20. Plaintiff was denied breaks to take prescribe medication for her disabilities.

21. The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her

status as an employee and were in violation of the Age Discrimination in Employment Act of 1967 (ADEA).

22. The unlawful employment practices complained of above were committed with malice and with reckless indifference to Plaintiff's protected rights.

23. In addition to Plaintiff's claims of Age Discrimination in violation of the (ADEA), Plaintiff brings the claims of discrimination under the Americans with Disabilities Act (ADA) and violation of the Family Medical Leave Act (FMLA).

24. Plaintiff hurt her foot, and she needed to use FMLA time to recuperate.

25. Plaintiff was placed in a boot, and she attempted to come back to work for one and one-half days after being out for FMLA.

26. Plaintiff was told by a manager that she needed a complete release before being allowed to return, and Plaintiff requested an accommodation.

27. Plaintiff requested that the manager talk to her doctor, and her doctor instructed that Plaintiff could return but needed to have her foot off of the ground after having pressure on it for twenty-seven (27) minutes.

28. Plaintiff could have performed the essential functions of her job with a reasonable accommodation of utilizing a stool to alleviate the pressure periodically.

29. Plaintiff's accommodation was denied, and she was told not to come back until she was fully released which is in violation of the (ADA).

30. Plaintiff's FMLA time during the one and one-half days she returned to work was not noted as was common practice at Braum's to note the return days.

31. Plaintiff routinely called Defendant's corporate office to inquire on how much time she had remaining on FMLA.

32. Defendant told Plaintiff repeatedly her last day of FMLA would be on the 20th of June 2013, and this date does not take into account the one and one-half days she worked during the time period.

33. On the 19th of June 2013, Plaintiff received a text message from her Store Manager to turn in her keys, terminating Plaintiff's employment.

34. Defendant interfered with her rights under FMLA by not allowing her full use of allowed time, and terminating her from employment prior to the expiration of her accrued time.

35. Plaintiff filed a "Charge" of discrimination with the Equal Employment Opportunities Commission (EEOC) charge number 564-2013-01190 on the 2nd day of July, 2013 as attached hereto as (Appendix-1).

36. A Notice of Suit Rights was issued by the EEOC on the 2nd of July 2013, and a copy of the notice is attached hereto as (Appendix-2) and incorporated herein by this reference.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, their officers, successors, assigns, and all persons in active concert of participation with them, from engaging in employment practices which discriminate on the basis of age and disability.

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Dione Wilkinson and other employees and which eradicate the effects of their past and present unlawful employment practices.

c. Order Defendant to make whole Dione Wilkinson by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to rightful-placement reinstatement or front pay in lieu of placement.

d. Order Defendant to make whole Dione Wilkinson by providing compensation for past and future pecuniary and non-pecuniary loses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

e. Order Defendant to pay Dione Wilkinson punitive damages for their malice or reckless indifference to her protected rights described above, in amounts to be determined at trial.

f. Grant such further relief as the court deems just and proper through law or equity.

g. Award Plaintiff her costs and attorney fees in this action.

Respectfully submitted,

WAGNER & WAGNER, P.C.
4401 N. Classen Blvd., Suite 100
Oklahoma City, OK 73118-5038
(405) 521-9499 Telephone
(405) 521-8994 Fax
rjw@wagnerfirm.com (e-mail)

By:_____
ROBERT J. WAGNER, OBA #016902
JON J. GORES, OBA #31068
Attorney for Plaintiff
DIONE D. WILKINSON

ATTORNEY'S LIEN CLAIMED

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 564-2013-01190 |

Oklahoma Attorney General's Office, Office of CR Enforcement    and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Dione D. Wilkinson | (405) 882-9796 | 10-21-1965 |

Street Address: 12023 S.E. 38th St., Choctaw, OK 73020

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| BRAUMS ICE CREAM & DAIRY | 500 or More | (405) 390-1851 |

Street Address: 14205 Ne 23rd St, Oklahoma City, OK 73112

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION  ☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-2012    Latest: 06-2013
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired in September 2000 as a Worker. While on medical leave as a Assistant Manager Day (AMD) I was discharged by a text message from the Store Manager, Alyse Botherton (27). The text message stated "turn in your keys". As an AMD, I was harassed by the younger coworkers and managers because of my age and disabilities. I was denied breaks to take my prescribe medication for my disabilities. I was subjected to unequal terms and conditions in comparison to Kari (20) Assistant Manager, and Alyse, in that, Kari was allowed to not to clean and stock the store before she left her shift and I was. In retaliation for my complaints against other managers to human resources I received write-ups and was discharged. During my employment, I was denied reasonable accommodation for my disabilities. I was replaced by Kari.

II. I believe that I have been discriminated against because of my disabilities, in violation of the Americans with Disabilities Act of 1990, as amended; and my age, 47 in violation of the Age Discrimination in Employment Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 02, 2013    *[signature] Dione Wilkinson*
Date    Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

APPENDIX

No. 1

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Dione D. Wilkinson
12023 S.E. 38th St.
Choctaw, OK 73020

From: Oklahoma City Area Office
215 Dean A. McGee Avenue
Suite 524
Oklahoma City, OK 73102

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2013-01190 | K. Kelly, Investigator | (405) 231-4353 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)    *(signature)* Holly Waldon Cole, Area Office Director    July 2, 2013 *(Date Mailed)*

cc: Ken Agorichas
H.R. Manager
BRAUMS CORPORATE OFFICE
3000 N.E. 63rd Street
Oklahoma City, OK 73121

APPENDIX

No. 2